Lopez, J.
Pursuant to the provisions of Superior Court Rule 9A, plaintiff Coastal Oil New England, Inc. (“Coastal”) filed a Motion for Summaiy Judgment as to all counts of its Complaint against defendants Robert E. Patrie, Individually and d/b/a Delta Fuel Company (“Patrie”) and Loretta R. Patrie (“Mrs. Patrie”). The defendants did not oppose Coastal’s motion and, when the case was called for trial on September 13, 1993, counsel for defendants indicated that no opposition to the motion would be filed. Therefore, Coastal’s Motion for Summaiy Judgment is granted as to all counts of its complaint, no opposition having .been interposed by any defendant.
NATURE OF COASTAL’S CLAIMS
Coastal’s Complaint is in four counts and seeks recovery for petroleum products sold and delivered to the defendant, Robert E. Patrie, d/b/a Delta Fuel Company. The base amount of Coastal’s claim was $34,744.63, plus late charges of $5,105:09, for a total of $39,849.72. (Coastal Complaint, Account Annexed “A.”) At his deposition submitted in support of Coastal’s Motion for Summary Judgment, Patrie admitted that he was indebted to Coastal in the amount of $34,744.63 but disputed his obligation to pay late charges. (Affidavit of F. Anthony Mooney, Esquire, Exhibit B, Pages 8-9.) Rather than dispute the issue of the late charges, Coastal expressly waived its claim for late charges in footnote 2 of Coastal’s Memorandum in Support of its Motion for Summary Judgment and elected instead to rely upon the provisions of G.L.c. 231, §6C, which provides for interest at the rate of 12% per annum in actions based upon contractual obligations, computed from the date of breach or demand.
In its complaint, Coastal named both Robert E. Patrie, individually and d/b/a Delta Fuel Company, and Loretta R. Patrie, Robert E. Patrie’s spouse, as defendants. Count I alleged breach of contract on the part of Robert E. Patrie on account of his failure to pay Coastal for the $34,744.63 for petroleum products sold and delivered to Patrie. Count II was a duplication of that claim predicated upon an “account annexed,” attached to the complaint.
Count III referred to the fact that, shortly after ceasing business operations and receiving the product for which Patrie had failed to pay Coastal, Patrie and Mrs. Patrie caused their personal residence at 5 Stonecrest Drive, Saugus, Massachusetts (the “Saugus property”) to be transferred from their joint names into Mrs. Patrie’s name, individually, for a stated consideration of “Ten Dollars ($10.00).” That transaction was evidenced by a deed dated November 15, 1990 attached as Exhibit 2 to the Complaint. Count III contended that the transfer of Patrie’s interest in the Saugus property to Mrs. Patrie for nominal consideration was a transfer in fraud of creditors and specifically Coastal and sought a judgment authorizing Coastal to satisfy Patrie’s indebtedness from the *255 Saugus property. The Middlesex Division of the Superior Court Department (Connolly, J.) had previously allowed, on March 23, 1992, Coastal’s motion for a special attachment of “all real estate situated in Essex County standing in the name of Loretta R. Patrie, as being property of the defendant, Robert E. Patrie, including without limitation the real estate located at 5 Stonecrest Drive, Saugus, County of Essex, Massachusetts . . .” A subsequent motion by Mrs. Patrie to dissolve that special attachment was denied by the Court (Doerfer, J.) on July 29, 1992. Accordingly, the special attachment issued and recorded against the property located at 5 Stonecrest Drive, Saugus, Massachusetts, as property of the defendant Robert E. Patrie, standing in the name of Loretta R. Patrie, remained in effect as a result of the denial of Mrs. Patrie’s motion to dissolve. A subsequent effort on the part of both defendants to dismiss the complaint on the basis of an alleged discharge of bankruptcy issued to Robert E. Patrie was similarly denied by the Court (Bohn, J.) on May 13, 1993.[1]
Count IV of Coastal’s complaint alleged violations of G.L.c. 93A §11, given the fact that both parties (Patrie and Coastal) were engaged in “trade and commerce” as that term is used in that section. Specifically, Coastal alleged that Patrie violated the provisions of c. 93A when he secured petroleum products on credit from Coastal when he knew that he would be discontinuing the Delta oil business; when he thereafter sold the Delta oil business and refused to pay for such product and converted to his own use the value of such product; and when he transferred his interest in the Saugus property to Mrs. Patrie, an asset upon which Coastal had relied in extending credit to Patrie, specifically for the purpose of removing that property from the reach of creditors such as Coastal.
DISCUSSION
In support of its Motion for Summary Judgment, Coastal relied upon the depositions of Patrie and Mrs. Patrie in which defendants made the following admissions.[2] Prior to the sale Patrie did not notify Coastal that he was about to sell his fuel oil business, carried on under the d/b/a “Delta Fuel Company” (“Delta”). Patrie sold the Delta business to Atlantic Petroleum on July 13, 1990 for the sum of approximately $470,000. Patrie received the full consideration of approximately $470,000 from Atlantic Petroleum within 30 to 60 days of the sale. Rather than pay the balance owed to Coastal, he used some of the proceeds from the sale to capitalize a new limousine business he had incorporated during the spring of 1990. In addition, shortly after Patrie started his new limousine venture and sold the Delta fuel business, Patrie conveyed his interest in the Saugus property to his wife for the sum of $10.00. The conveyance was made with the express intention of removing the real estate from the reach of creditors, a fact admitted by both defendants in their depositions. Finally, Patrie did not dispute that his indebtedness to Coastal amounted to $34,744.63.
Based on the fact that the invoices for which Coastal seeks payment in this action were dated between June 19, 1990 and July 11, 1990, the uncontroverted facts show that Patrie obtained petroleum products from Coastal immediately prior to his discontinuance and sale of the Delta Fuel business. In addition, although he received sufficient proceeds from the sale to pay Coastal’s outstanding balance, Patrie did not pay Coastal his outstanding balance when he received the proceeds of the Delta sale. Finally, both Patrie and Mrs. Patrie admitted that their intention in conveying title to the Saugus property from their joint names to Mrs. Patrie alone was to prevent creditors, such as Coastal, from reaching that property to satisfy their claims. As such, their conduct was “willful and knowing,” entitling Coastal to multiple damages for any violation of G.L.c. 93A §11.
Implied in every contract in Massachusetts is a covenant of good faith and fair dealing. Anthony’s Pier Four, Inc. v. HBC Associates, 411 Mass. 451, 473 (1991); Warner Insurance Company v. Commissioner of Insurance, 406 Mass. 354, 362 n. 9 (1990), quoting Kerrigan v. Boston, 361 Mass. 24, 33 (1972). The Court finds that Patrie’s acceptance of over $34,000 of fuel oil from Coastal within 30 days of his sale of the Delta business, his failure to pay the outstanding balance owed to Coastal from the proceeds of the Delta sale (which funds were more than sufficient to pay his debt to Coastal), and the conveyance by both Patrie and Mrs. Patrie of the Saugus real estate to Mrs. Patrie to place it beyond the reach of creditors, constitute willful and knowing breaches of Patrie’s implied covenant of good faith and fair dealing in his contract with Coastal. Such a breach admittedly perpetrated to injure another business entity constitutes an “unfair or deceptive act or practice” as a matter of law, and is violative of G.L.c. 93A. Anthony’s Pier Four, Inc. v. HBC Associates, 411 Mass. 451 (1991). Therefore, Coastal is entitled to multiple damages, reasonable attorneys fees and costs on Count IV of its Complaint, such attorney fees to be the subject of a separate application in accordance with the order for judgment hereinafter set forth.
INTEREST
Pursuant to the provisions of G.L.c. 231, §6C, Coastal is entitled to interest at the rate of twelve percent per annum on the unpaid balance owed by Patrie. The Coastal statement submitted in support of its Motion for Summary Judgment establishes that payment was due thirty days from the date of each invoice. As such, Coastal is entitled to interest at the rate of twelve percent to be calculated thirty days from the date of each invoice. General Dynamics Corp. v. Federal Pacific Electric Co., 20 Mass.App.Ct. 677 *256 (1985); United California Bank v. Eastern Mountain Sports, Inc., 546 F.Supp. 945 (D.Mass. 1982).
CONCLUSION: ORDER FOR JUDGMENT
Summary judgment shall enter on behalf of Coastal against both defendants on the applicable Counts of its Complaint. As to the defendant, Robert E. Patrie, judgment shall enter in the amount of $34,744.63 on Counts I and II, and such judgment shall be doubled to $69,489.26 on Count IV of the Complaint. Coastal is also entitled to interest on the base damages of $34,744.63 at 12% per annum computed from the date thirty (30) days after each invoice comprising that sum was due until the date of entry of judgment. McAvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704 (1990). Counsel for Coastal shall submit an affidavit itemizing its attorneys fees incurred in the prosecution of this action. If no opposition to such itemization is received by this Court within ten days of the date of service of such itemization on counsel for the defendants, the amount of such fees shall be added to the judgment to enter in this matter. Coastal shall recover its costs of this action.

 Because Coastal’s attachment was recorded more than 90 days before Patrie’s bankruptcy filing and because Mrs. Patrie was not a party to the bankruptcy, Coastal’s secured claim was not extinguished by the bankruptcy discharge.

 The facts set forth in this section are taken from Section I of Coastal’s memorandum in support of its Motion for Summary Judgment and were not disputed by the defendants. All of those facts are admitted in the defendants’ depositions.